**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW G. WYATT,** | ) | **CASE NO.5:08CV2996** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MICHAEL J. ASTRUE** | ) | **MEMORANDUM OF OPINION** |
| **Commissioner of Social Security** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Plaintiff Matthew G. Wyatt's Complaint seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for a period of Disability and Disability Insurance Benefits. ECF Dkt. #1. For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and affirms the Defendant's final determination.

## FACTS

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts. Plaintiff applied for benefits on June 2, 2005, alleging an onset date of November 20, 2004. Upon denial of Plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (ALJ), Plaintiff requested an

1

evidentiary hearing, at which he was represented by counsel.  The hearing was held on April 23, 2008.  On May 21, 2008, the ALJ entered his decision.  His "Findings of Fact and Conclusions of Law" were:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since November 20, 2004, the alleged onset of disability (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has severe impairments: degenerative disc disease, diabetes mellitus, obstructive sleep apnea, and gastrointestinal esophageal reflux disease (20 CFR 404.1520(c)).

4. The claimant's impairments do not meet or medically equal any listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform light work allowing alternating between sitting and standing positions every 30 minutes and not requiring lifting more than 10 pounds, and also subject to moderate limitations in the ability to understand, remember and carry out detailed instructions 20 CFR  404.1567(b).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant, born on December 11, 1972 and 31 years old on the alleged disability onset date, is defined as a younger individual (20CFR 404.1563).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability

>    because, irrespectively the Medical-Vocational rules provide a framework for a finding that the claimant is "not disabled" (See SSR 82-41 and 20 CFR Part 404,Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the economy that he can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 20,2004 through the date of this decision (20 CFR 404.1520(g)).

Plaintiff contends that the ALJ erred in failing to find that the Plaintiff meets or equals Listing 12.05 of the Listing of Impairments, and that the ALJ's finding that the Plaintiff can perform a limited range of light work is not supported by substantial evidence. Defendant denies the allegation that the Plaintiff is disabled.

## **STANDARD OF REVIEW**

42 U.S.C. § 405(g) allows district court review of a final decision of the Commissioner of Social Security, after a hearing has been held on the matter. The court exercises de novo review of the decision of the Commissioner of Social Security. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). The court will confirm the Commissioner's findings unless the ALJ failed to apply the correct legal standard or the findings of fact were not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Preslar v. Sec'y of Health Human Servs.*, 14 F.3d 1107, 1110 (6th Cir.1994). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir.2001) quoting *Richardson v. Perales*, 402 U.S. 389 (1971). However, the decision of

3

the Commissioner will not be upheld where the Social Security Administration fails to follow its own regulations or where there is error that prejudices the claimant on the merits or deprives her of a substantial right. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004).

## **ANALYSIS**

At the evidentiary hearing on April 23, 2008, a vocational expert presented testimony that a number of the jobs he identified were at the sedentary level, and could be performed by an individual who required a sit/stand option. An individual of the Plaintiff's personal profile who was limited to sedentary work with a sit/stand option, should be capable of light work, as to which there were jobs available. The Magistrate Judge agreed with the ALJ, after reviewing medical reports, that even if Plaintiff cannot perform heavy, physical work he can perform light or sedentary work. This Court agrees with the Magistrate Judge's determination that the ALJ did not err in failing to find that the Plaintiff meets or equals Listing 12.05 of the Listing of Impairments, and that the ALJ's finding that the Plaintiff can perform a limited range of light work is supported by substantial evidence.

In Plaintiff's Brief on the Merits, he contends that he also has a learning disability which precludes his ability to perform substantial gainful activity. In his Objections to Magistrate's Report and Recommendation, Plaintiff contends that he should have been found disabled as meeting or equaling Listing 12.05(C) of the Listings of Impairments regarding mental retardation. The Magistrate Judge correctly points out that in 1989 the Plaintiff was evaluated, and at that time his IQ scores were a verbal score of 82, a performance score of 89, and a full scale score of 84, each of which is well beyond the levels specified in Listing 12.05(C). The Magistrate Judge correctly concluded that the Plaintiff cannot be deemed to satisfy Listing 12.05(C).

In his Objections to Magistrate's Report and Recommendation, Plaintiff contends

4

that regardless of his IQ scores, Plaintiff has had a severe mental handicap since childhood. Plaintiff has failed to cite any authority that his participation in learning disability and developmentally handicapped classes, attainment of poor grades, and difficulties working as a pipe fitter are equivalent to the criteria of Listing 12.05C. Additionally, Plaintiff has not identified any mental health professional opinion that his alleged mental impairment was equivalent to the criteria of Listing 12.05C.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Plaintiff's and Defendant's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and orders that Defendant's final determination is affirmed and judgment is entered in the Defendant's favor.

IT IS SO ORDERED.

Date:9/7/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge